IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| KEVIN R. BROOKS and | CHAPTER 7 |
| BRANDY E. BROOKS, | |
|     Debtors | |
| | CASE NO.: 1-07-bk-03922MDF |
| CHARLES A. BIERBACH, Chapter 7 Trustee, | |
|     Movant | |
| vs. | |
| KEVIN R. BROOKS and | |
| BRANDY E. BROOKS, | |
|     Respondents | |

**OPINION**

**Procedural and Factual History**

Before the Court is a motion filed by the chapter 7 trustee ("Trustee") seeking the turnover of either a vehicle owned by Debtor Kevin Brooks on the date of the petition or the proceeds from the sale of the vehicle.

Kevin and Brandy Brooks ("Debtors") filed the instant chapter 7 bankruptcy petition on December 7, 2007. In their schedules, Debtors listed as a joint asset a 1982 Porsche 911 Targa (the "Porsche") valued at $15,000.00, owned free of any liens. In Schedule C, Debtors claimed the Porsche and other personal property as exempt under Maryland law. Between February 2004 and February 2006, Debtors resided in Maryland. Because they had not resided in Pennsylvania for at least 720 days before they filed their petition, they were required under 11 U.S.C. § 522(b)(3) to refer to Maryland law to determine the applicable exemptions.

On January 14, 2008, Debtors sold the Porsche for $10,200.00 without seeking the consent of the Trustee or an order of the bankruptcy court. At the creditors' meeting held later that month, Debtors' counsel notified the Trustee that Debtors had sold the vehicle without first seeking court approval.

On February 5, 2008, the Trustee filed the instant motion seeking to compel Debtors to surrender either the Porsche or $14,000.00 to the Trustee.[1] In response to the Trustee's motion, Debtors filed the following: an objection to the motion; amended Schedules B, C, and D; and an amended Statement of Financial Affairs. In their amended Statement of Financial Affairs, Debtors acknowledged the post-petition sale of the Porsche. In Schedule B, they reduced the value of the vehicle from $15,000.00 to $10,200.00 to reflect the actual amount of the sale proceeds. Finally, the schedules were amended to state that the Porsche had been owned by Kevin Brooks individually, rather than jointly with Brandy Brooks as had been reported on the original schedules. In amended Schedule C, Debtors claimed as exempt the total amount received from the sale of the Porsche under the Maryland Code, Courts and Judicial Proceedings § 11-504(b)(5) and (f). On March 4, 2008, the Trustee filed an objection to Debtors' amended exemptions to which Debtors filed a response on March 13, 2008.

A hearing on the turnover motion and the objection to Debtors' exemptions was held on March 17, 2008. In response to Debtors' amended exemption claim, the Trustee asserted that the $5,000.00 general bankruptcy exemption set forth at § 11-504(f) of the Maryland Code could not

---

[1] The amount claimed by the Trustee represents the fair market value of the Porsche as reported on Schedule B less the amount of Debtors' claimed exemption on the original Schedule C.

be invoked to exempt the vehicle because Debtors were not domiciled in Maryland on the date of the petition.[2]

**Discussion**

The question before the Court is: May Debtors use the general bankruptcy exemption in § 11-504(f) of the Maryland Code to exempt the balance of the value of the Porsche after the available exemption under § 11-504(b)(5) is applied? For the reasons set forth below, the Court determines that the answer is no.

A debtor's estate is created on the date a case is commenced under the Bankruptcy Code. 11 U.S.C. § 541(a). The estate consists of all assets listed in the debtor's schedules, including those in which debtor has claimed an exemption. "[A]ll property of the debtor becomes part of the estate available to satisfy the creditors' claims. The debtor then may remove some of the property by claiming exemptions under 11 U.S.C. § 522(b). Anything properly exempted passes through bankruptcy; the rest goes to the creditors." *Payne v. Wood*, 775 F.2d 202, 204 (7th 1985).

Whether property may be claimed as exempt is determined as of the date of the petition. *In re Alexander*, 236 F.3d 431 (8th Cir. 2001); *In re Williamson,* 804 F.2d 1355, 1358 (5th Cir. 1986); *In re Bronner,* 135 B.R. 645, 647 (B.A.P. 9th Cir. 1992); *In re Kollar,* 218 B.R. 349, 352 -53 (Bankr. E.D. Pa. 1998). "[E]xemptions are generally construed broadly in favor of the debtor." *In re Martin*, 269 B.R. 119, 121 (Bankr. M.D. Pa. 2001) (citing *In re Barker,* 768 F.2d

---

[2]I have jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(A),(E) and (O). This Opinion constitutes the findings of fact and conclusions of law made under Fed. R. Bankr. P. 7052, which is applicable to contested matters under Fed. R. Bankr. P. 9014.

191, 196 (7th Cir. 1985)). When a party objects to a debtor's exemption claim, it bears the burden of proving that a particular exemption is not available. Fed. R. Bankr.P. 4003(c); *In re Hodes*, 402 F.3d 1005, 1010 (10th Cir. 2005).

  *a.* *The applicable exemption laws*

The Trustee has objected to the exemption of the full value of the Porsche owned by Debtor Kevin Brooks. In order to resolve this objection, I first must determine which exemption laws are available to Debtors. Section 522(b)(3) of the Bankruptcy Code provides that a debtor may exempt:

> any property that is exempt under . . . State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 730 days immediately preceding the date of the . . . petition, or if the debtor's domicile has not been located at a single State for such 730-day period, the place in which the debtor's domicile was located for the 180 days immediately preceding the 730-day period or for a longer portion of such 180-day period than in any other place.

11 U.S.C. § 522(b)(3)(A). Debtors were residents of Pennsylvania on the date of the filing of the petition and had been residents for the 180-day period prior to the filing. Therefore, the Middle District of Pennsylvania is the appropriate venue for the case. *See* 28 U.S.C. § 1408(1). Because Debtors did not reside in Pennsylvania during the 730-day period before filing, however, § 522(b)(3) requires the Court to look to their place of domicile for the 180 days preceding December 7, 2005, the petition date, to determine the available exemptions. Maryland law must be consulted because Debtors resided in Maryland during the relevant period.

Unlike Pennsylvania, Maryland has "opted-out" of the federal bankruptcy exemption scheme set forth in 11 U.S.C. § 522(d). Maryland law provides that " [i]n any bankruptcy

4

Case 1:07-bk-03922-MDF Doc 49 Filed 07/29/08 Entered 07/31/08 08:54:01 Desc
Main Document  Page 4 of 11

proceeding, a debtor is not entitled to the federal exemptions provided by § 522(d) of the federal Bankruptcy Code." Md. Code Ann., Cts & Jud. Proc.,§ 11-504(g) (2008).³ Thus, while Debtors currently reside in Pennsylvania, they do not have the option of choosing between the exemptions available under the Bankruptcy Code and those available under other federal laws and under state law as generally provided under § 522(b)(1). Debtors' exemption rights are governed by Maryland law, which bars debtors from electing the exemptions provided in § 522(d).

By using two provisions in the Maryland exemption statute – §§11-504(b)(5) and (f) – Debtor Kevin Brooks has claimed as exempt his interest in the entire sale proceeds of the Porsche. Section 11-504(b)(5) permits a debtor to exempt "cash or property of any kind equivalent in value to $6,000." Md. Code Ann., Cts & Jud. Proc. § 11-504(b)(5) (2008). This exemption provision is not restricted to persons who reside or are domiciled in Maryland. Accordingly, Debtor Kevin Brooks may exempt $6,000.00 of the proceeds from the vehicle sale if he has not otherwise claimed an exemption under this provision. Section 11-504(f), however, is more restrictive. It provides that:

> In addition to the exemptions provided in subsection (b) of this section . . . in any proceeding under Title 11 of the United States Code . . . , any individual debtor *domiciled in this State* may exempt the debtor's aggregate interest, not to exceed $5,000 in value, in . . . personal property.

Md. Code Ann., Cts & Jud. Proc. § 11-504(f) (2008) (italics added). The Trustee contends that

---

³The restriction on the use of federal exemptions in the Maryland statute is not limited to domiciliaries of the state. Courts have found that if a debtor is required to use the exemptions of a state in which he formerly was domiciled under § 522(b)(3), he is not barred from electing federal exemptions, even if the state has opted-out of the federal exemptions, if the opt-out provision applies only to debtors domiciled in the state. *In re Battle*, 366 B.R. 635 (Bankr. W.D. Tex. 2006); *In re Chandler*, 362 B.R. 723 (Bankr. N.D. W.Va. 2007); *In re Underwood*, 342 B.R. 358 (Bankr. N.D. Fla. 2006).

5

the phrase "domiciled in this state" precludes Debtors from claiming this exemption because Debtors were not domiciled in Maryland when they filed their petition. Debtors assert that while Maryland law purports to limit the application of the $5,000.00 bankruptcy exemption to debtors domiciled in the state, this provision conflicts with §522(b)(3) of the Bankruptcy Code, which specifically requires a debtor to use the exemption scheme enacted where he previously was domiciled.

Several courts have addressed the issue of whether debtors required to use the exemption laws of a state other than their current domicile under §522(b)(3) are bound by provisions in the law restricting the use of the exemptions to residents or domiciliaries of the state. Courts uniformly have found that if a state's exemptions law is restricted to debtors residing or domiciled in the state, these limitations also apply when debtors are required to use the law of their former domiciles under 11 U.S.C. §522(b)(3). *In re West*, 352 B.R. 905, 906 (Bankr. M.D. Fla. 2006)(debtor not entitled to claim Indiana exemptions because he was not an Indiana resident and exemptions were limited to residents of that state)*; In re Crandall*, 346 B.R. 220, 221 (Bankr. M.D. Fla. 2006)(debtor not entitled to claim New York exemptions because she was not a New York resident and exemptions were limited to residents of that state); *In re Underwood*, 342 B.R. 358, 361 (Bankr. N.D. Fla. 2006)(debtor not entitled to claim Colorado exemptions because she was not a Colorado resident and exemptions were limited to residents of that state). Therefore, in the within case, Debtors may not use the exemption provisions in § 11-504(f) because they apply only to persons domiciled in Maryland.

Congress contemplated this possibility when it enacted § 522(b)(3)(C), which provides, in pertinent part, that "[i]f the effect of the domiciliary requirement under subparagraph (A) is to

Case 1:07-bk-03922-MDF    Doc 49    Filed 07/29/08    Entered 07/31/08 08:54:01    Desc
Main Document      Page 6 of 11

render the debtor ineligible for any exemption, the debtor may elect [the federal exemptions]." 11 U.S.C. § 522(b)(3)(C)(hanging paragraph). Under the laws of states such as New York, Indiana, and Colorado, a debtor subject to the provision of § 522(b)(3) is unable to use any applicable state exemption scheme because these law apply only to domiciliaries. In addition, these states have opted out of the federal exemption scheme so federal exemptions also are not available. But the Bankruptcy Code creates an exception to the opt-out provisions of 11 U.S.C. § 522(b)(2). Debtors required to use the law of their former domiciles may elect federal exemptions because otherwise, no exemptions would be available to them. Here, though, Debtors are not prohibited from claiming any exemptions under Maryland law. Although § 11-504(f) is limited to persons domiciled in Maryland, the remainder of the exemption scheme is available to persons domiciled outside the state. Because Debtors in the within case are not "ineligible for any exemption," they may claim Maryland exemptions, but only as permitted under Maryland law. Accordingly, I conclude that Debtors may not claim the Porsche or its proceeds as exempt under § 11-504(f).

   b.   *Value that may be claimed as exempt*

The Trustee asserts that even if Debtor otherwise were entitled to exempt a portion of the proceeds of the sale of the Porsche, they should be required to remit $14,000.00 to the estate as a penalty for selling the vehicle without authorization by the Court. "In exceptional circumstances, bankruptcy courts have the authority to fashion a remedy that allows a trustee to surcharge or offset an exemption." *In re Hamblen*, 354 B.R. 322, 325 (Bankr. N.D. Ga. 2006), *citing Latman v. Burdette,* 366 F.3d 774 (9th Cir.2004); *In re Karl,* 313 B.R. 827 (Bankr. W.D. Mo.2004), *In re Ward,* 210 B.R. 531 (Bankr. E.D. Va. 1997), and *In re Swanson,* 207 B.R. 76 (Bankr. N.J. 1997).

7

*Latman* recognized that this authority is not explicitly authorized in title 11, but that "the bankruptcy court may equitably surcharge a debtor's statutory exemptions when reasonably necessary both to protect the integrity of the bankruptcy process and to ensure that a debtor exempts an amount no greater than what is permitted by the exemption scheme of the Bankruptcy Code." *In re Latman*, 336 F.3d at 786.

In *Hamblen*, the court granted a trustee's request to surcharge debtors' homestead and vehicle exemptions after they had failed to disclose the existence of a bank account containing $200,000.00. Prior to filing their petition, the debtors deposited the proceeds from the sale of real estate in a bank account opened in a third party's name. The court also granted the trustee's request to surcharge an exemption claimed in a BMW car after the debtors pawned the title post-petition. In *Karl*, the trustee sought an order compelling the debtors to recover and turn over a pickup truck that they transferred to a nephew post-petition. The transfer was made in flagrant disregard of specific instructions by the trustee that they not permit the vehicle to be removed from their possession. Subsequently, the court issued various turnover orders requiring the vehicle to be surrendered to the trustee, but the debtors disregarded the orders. The court then directed the debtors to show cause why their exemptions should not be subject to surcharge. In an opinion issued pursuant to the show cause order, the court explained that:

> [w]hen a debtor's contemptuous conduct involves the suppression of estate property, or when a debtor fails to adequately explain its loss, a court may surcharge the debtor's exemptions in an effort to prevent a fraud on the bankruptcy court and to protect creditors by preventing the debtor from sheltering more assets than permitted by the Bankruptcy Code. . . . Whether deemed a "surcharge" or a "setoff" the purpose is not to "punish" the debtor, but to reach an equitable result by preserving the spirit of the Bankruptcy Code and the creditors' reasonable expectations in the event of liquidation.

*In re Karl*, 313 B.R. at 831 (citations omitted).

Here, the record does not provide sufficient evidence that Debtors' unauthorized sale of the Porsche demonstrated the level of contemptuous conduct that existed in *Karl*. Although the sale was clearly unauthorized, there was no order expressly prohibiting the sale. Similarly, Debtors had not received explicit instructions from the Trustee not to sell the vehicle. The record in this case also does not provide sufficient evidence that Debtors' conduct rose to the same level of a fraud perpetrated on creditors that existed in the *Latman*, *Hamblen*, or *Karl* cases.[4]

The Trustee further asserts that Debtors are barred by statute from exempting the Porsche because they sold it without court approval. In support of his position the Trustee cites to § 522(g). This section provides, in part:

> (g)Notwithstanding section 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under 510(c), 542, 543, 550, 551 or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if-
>
> (1)(A) such transfer was not a voluntary transfer of such property by the debtor; and
>
> (B) the debtor did not conceal such property[.]

Debtors did not attempt to conceal the Porsche from the Trustee. Its existence and value were clearly disclosed in the schedules. But Debtors did voluntarily transfer the Porsche by selling it and retaining the proceeds. Despite this voluntary transfer, however, § 522(g) is not applicable because the Trustee neither avoided the transfer nor recovered the Porsche. The Trustee filed a motion for turnover, but did not actually bring any property into the estate.

---

[4]Debtors did not offer any testimony at the argument held in this case, but their counsel stated that the sale was necessary to help finance emergency medical care for their daughter.

9

Therefore, § 522(g) may not be used to deny Debtors' exemption claim. *In re Green*, 268 B.R. 628, 655 (Bankr. M.D. Fla 2001) *citing In re Scholl*, 1998 WL 546607 (Bankr. E.D. Pa).

Although § 522(g) does not provide a remedy, upon a proper showing a bankruptcy court may still deny an otherwise valid exemption claim. Under Bankruptcy Rule 1009, a debtor may amend his schedules at any time before the case is closed. Fed. R. Bankr. P. 1009. Such amendments have been disallowed by the courts only where there is evidence of bad faith by the debtor or where there is prejudice to creditors. *Compare In re Butcher*, 189 B.R. 357, 374 (Bankr. D. Md. 1995) *citing In re Yonikus,* 996 F.2d 866, 871-72 (7th Cir.1993) (fraudulent concealment of asset led to court's disallowance of amendment of exemption to include concealed asset as exemption), *with Matter of Doan,* 672 F.2d 831, 833 (11th Cir. 1982) (no bad faith and no prejudice to creditors where debtors disclosed tax refund and later spent it on advice of counsel).

Bad faith is identified by examining the totality of the circumstances. *In re Kaelin*, 308 F.3d 885, 889 (8th Cir. 2002). In the within case, there is scant evidence that Debtors acted in bad faith other than the unauthorized sale of estate assets. In their schedules they disclosed the existence of the Porsche and that it was unencumbered. They did not under-report the value of the vehicle or attempt to mislead the Trustee. Although they did sell the vehicle without court approval, Debtors readily disclosed the sale at the creditors' meeting.

The Court may also deny an exemption claim if there has been prejudice to creditors. Prejudice may exist in the form of actual economic loss or in delay if creditors are adversely affected by the timing of an amendment. Actual economic loss must consist of a loss beyond the loss that occurs when any asset is exempted. *Id*. at 891. A late amendment also can be prejudicial if it impairs a trustee's ability to administer the debtor's estate. At this point, the

10

Trustee has not demonstrated that creditors have been prejudiced. However, if the disallowed portion of the exemption in the amount of $4,200.00 is not returned promptly to the Trustee, the Court will consider whether sanctions are warranted.

**Conclusion**

The Trustee's objection to Debtors' claim of exemptions will be sustained to the extent that Debtors cannot claim as exempt the value of Debtor Kevin Brooks's interest in the Porsche under Md. Code Ann., Cts & Jud. Proc., § 11-504(f). The Trustee's motion for turnover of sale proceeds will be granted in the amount of $4,200.00

An appropriate order will follow.

By the Court,

*[signature: Mary D. France]*
Bankruptcy Judge

Date: July 29, 2008

*This document is electronically signed and filed on the same date.*